

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Criminal Division*

---

970 Broad Street, Suite 700    *general number:* (973) 645-2700
Newark, New Jersey 07102       *telephone:* (973) 645-2719
                                                 *fax:* (973) 297-2094
                                 *e-mail:* jane.yoon@usdoj.gov

JHY/ADL/PL AGR
2014R00057

December 17, 2014

Carl D. Poplar, Esq.
Carl D. Poplar, P.A.
1010 Kings Hwy S,
Cherry Hill, NJ 08034

Cr 15-146 (JEI)

Re: <u>Plea Agreement with Lee Getson</u>

Dear Mr. Poplar:

       This letter sets forth the plea agreement between your client, Lee Getson, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

       Conditioned on the understandings specified below, this Office will accept a guilty plea from Lee Getson to a one-count information charging him with conspiracy to bribe a physician, contrary to 42 U.S.C. § 1320a-7b(b)(2)(A), in violation of 18 U.S.C. § 371. If Lee Getson enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Lee Getson for violations of the federal health care program anti-kickback statute from January 2012 to January 2014, relating to payments he made in exchange for patient referrals to medical facilities operated by Tilton Dynamic Imaging, LLC, and Positional Imaging Associates, LLC, d/b/a Ocean Upright MRI (together, "the Companies"), of which he was a principal. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of

limitations on the date this agreement is signed by Lee Getson may be commenced against him, notwithstanding the expiration of the limitations period after Lee Getson signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Lee Getson agrees to plead guilty carries a statutory maximum prison sentence of 5 years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Lee Getson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Lee Getson ultimately will receive.

Further, in addition to imposing any other penalty on Lee Getson, the sentencing judge: (1) will order Lee Getson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Lee Getson to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Lee Getson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Lee Getson to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Lee Getson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Lee Getson may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Lee Getson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Lee Getson's activities and relevant conduct with respect to this case.

Stipulations

This Office and Lee Getson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Lee Getson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Lee Getson waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), Lee Getson agrees to the entry of a forfeiture money judgment in the amount of $115,000.00, representing all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the conspiracy to violate 42 U.S.C. § 1320a-7b(b)(2)(A) charged in the Information, which is a Federal health care offense as defined in 18 U.S.C. § 24 (the "Forfeiture Money Judgment").

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Lee Getson shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Lee Getson enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Lee Getson fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Lee Getson consents to the forfeiture of any other property, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Lee Getson also agrees to consent to the entry of a Consent Judgment and Order of Forfeiture for the Forfeiture Money Judgment, and any further orders that may be necessary to enforce the Forfeiture Money Judgment, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Forfeiture Money Judgment prior to the defendant's sentencing. Lee Getson understands that the imposition of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

It is further understood that any forfeiture of Lee Getson's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon his in addition to forfeiture. Lee

Getson hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Lee Getson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Lee Getson.

No provision of this agreement shall preclude Lee Getson from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack,

writ, or motion claiming that Lee Getson received constitutionally ineffective assistance of counsel.

Lee Getson shall ensure that, prior to the date of sentencing, he has: (1) filed accurate and/or amended personal income tax returns and income tax returns for the Companies for calendar years 2012 through and including 2013; (2) provided all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) paid to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperated with the Internal Revenue Service and complied with the tax laws of the United States. Further, Lee Getson agrees to allow the contents of his and the Companies' Internal Revenue Service files to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Lee Getson and the Companies. With respect to disclosure of the file to the Internal Revenue Service, Lee Getson waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Lee Getson's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Lee Getson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ANDREW D. LEVEN
JANE H. YOON
Assistant U.S. Attorneys

APPROVED:

JACOB T. ELBERG
Chief, Health Care and Government Fraud Unit

6

I have received this letter from my attorney, Carl D. Poplar, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 1/6/15
LEE GETSON

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 1/6/15
CARL D. POPLAR, ESQ.
Counsel for Lee Getson

<u>Plea Agreement with Lee Getson</u>

<u>Schedule A</u>

    1.    This Office and Lee Getson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Lee Getson nevertheless agree to the stipulations set forth herein.

    2.    This Office and Lee Getson agree to stipulate to the following facts:

    a. From in and around 2012 until in and around 2014, Lee Getson and others knowingly and intentionally agreed to, and did, pay bribes to a physician in exchange for patient referrals to a facility operated by Positional Imaging Associates, LLC, d/b/a Ocean Upright MRI.

    b. Positional Imaging Associates, LLC, d/b/a Ocean Upright MRI, and Tilton Dynamic Imaging, LLC, of which Lee Getson was a principal, received payments pursuant to a federal health care benefit program in connection with those referrals.

    c. The value of the improper benefit conferred was approximately $115,000.

    d. As of the date of this letter, Lee Getson has clearly demonstrated a recognition and affirmative acceptance of responsibility for the offense charged.

    e. As of the date of this letter, Lee Getson has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently.

    3.    Lee Getson knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls at or below 18 months' imprisonment. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above 6 months' imprisonment. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the

sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      4.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.